Venkat Guntipally, Movant
BOP Prison Reg. No. 20028-111
37817 Laurus Court
Fremont, CA 94536
Email: vgtmobile14@gmail.com



IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Respondent,

v.                              Cv. Case No: 5:19-cv-00098-LHK

VENKAT GUNTIPALLY,

        Movant.

PETITIONER'S MOTION TO TAKE LEAVE for EXPARTE APPLICATION FOR COURT ORDER DECLARING PARTIAL WAIVER OF ATTORNEY-CLIENT PRIVILEDGE AND COMPELLING DISCLOSURE OF CERTAIN ATTORNEY-CLIENT COMMUNICATIONS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF VENKAT GUNTIPALLY

        Petitioner, Venkat Guntipally, pro se, hereby files this ex parte application for a court order: (1) declaring that Venkat Guntipally ("petitioner") concedes that he has waived his attorney-client privilege with respect to all communications between his attorney, Peter Leeming, concerning the events and facts involved in petitioner's case in United States v. Venkat Guntipally (Case No. 16-CR-189-LHK-2); and (2) compelling attorney Peter Leeming to disclose to him and the Court all communications with petitioner concerning the events and facts involved in his case, which relate to the issues presented in petitioner's Motion to Vacate, Set Aside, or Correct Sentence. This application is based upon the attached memorandum of points

1

and authorities, the declaration of Venkat Guntipally, all files and records in the case, and upon such further evidence or argument as may be requested by the Court.

Dated: 4 / 1 /2019

Respectfully submitted,

Venkat Guntipally, Movant
BOP Prison Reg. No. 20028-111
37817 Laurus Court
Fremont, CA 94536

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. PROCEDURAL BACKGROUND

On May 5, 2016, a grand jury indicted defendant Sunitha Guntipally, her husband Venkat Guntipally, and codefendants Sandhya Ramireddi and Pratap "Bob" Kondamoori on 33 counts related to a visa-fraud conspiracy. ECF 112.

All defendants were charged in Counts One, Ten through Eleven, Eighteen through Twenty-Four, and Twenty-Five through Twenty-Eight. Sunitha Guntipally and Venkat Guntipally were charged in Counts Two and Three. Sunitha Guntipally, Venkat Guntipally, and Pratap "Bob" Kondamoori were charged in Counts Four through Nine. Pratap "Bob" Kondamoori was charged in Counts Twelve through Seventeen and Twenty-Nine. Sunitha Guntipally was charged in Counts Thirty through Thirty-Two; and with Sandhya Ramireddi in Count Thirty-Three.

On April 24, 2017, the Petitioner pled guilty to Count One of the Indictment. Judgment and Sentencing were scheduled for June 13, 2018, before the Honorable Judge Lucy H. Koh, United States District Judge. Here, the Petitioner was sentenced to 30-months imprisonment. As of the date of this filing, for good cause shown, the Petitioner humbly remains on $500,000 cash bail.

On January 7, 2019, Venkat Guntipally, filed a pro se 28 U.S.C. § 2255 motion to vacate his conviction. ECF 297, 298, 303, 306. In his 2255 Motion, petitioner argued that his counsel, Peter Leeming, provided ineffective assistance of counsel by, in part, (I) stipulating to his waiver of the right to a jury trial; (II) the "cumulative" effect of counsel's erroneous representation that effectively nullifies petitioner's guilty plea. Additionally, Mr. Guntipally subsequently filed his

3

Brady Claim, where – in the months since Mr. Guntipally was sentenced to a 30-month term of imprisonment, critical new evidence has come to light showing that his constitutional rights were violated. ECF Nos. 306. This evidence has been uncovered as a result of Motions filed by two of Mr. Guntipally's co-petitioners. Specifically, Mr. Guntipally declares that newly discovered evidence shows that the government withheld the recantations of two alleged coconspirators, Sandhya Ramireddi and Sunitha Guntipally. Mr. Guntipally's *Brady* claims have merit.

All-in-all, petitioner concedes that he has waived the attorney-client privilege with respect to the issues raised in his § 2255 motion because petitioner relies on communications between himself and his attorney, as well as an examination of his attorney's efforts, in support of his ineffective assistance of counsel claims. Consequently, the petitioner requests that the Court declare that such a waiver has occurred and order his attorney, Peter Leeming, to disclose to the petitioner communications with him concerning the events and facts surrounding petitioner's guilty plea.

## II. ARGUMENT

In his § 2255, petitioner primarily argued that the "cumulative" effect of defense counsel's representation throughout the entire criminal process, including both the guilty and sentencing phases, renders Mr. Guntipally's plea involuntary, and his indictment invalid – under the speedy trial act. Specifically, Petitioner argued:

1. Defense counsel's misrepresentation of material facts and exerting pressure on the Petitioner to induce a guilty plea constitutes ineffective assistance of counsel thus rendering his guilty plea involuntary. Consequently, Mr. Guntipally was prejudiced by counsel's constitutional

4

ineffective and deficient performance as set forth herein, because, absent said performance, Mr. Guntipally would have pleaded not guilty instead of entering a guilty plea. As such, Mr. Guntipally's guilty plea was not a voluntary and intelligent choice amount the alternative courses of action open to him.

2. Although Mr. Guntipally pleaded guilty, his habeas claims include that counsel's plea advice constituted ineffective assistance of counsel that impugn the voluntariness of his guilty plea. Therefore, Petitioner's guilty plea does not foreclose review of the claims alleged in Grounds One – which concern matters predating the plea.

3. Defense Counsel's failure to file a Motion for a Bill of Particulars or obtain full discovery from the Government prevented Counsel from knowing whether the Government had sufficient evidence to convict Mr. Guntipally or not. See, Exhibit 1, at ¶¶ 5-6. (Sworn Declaration of Venkat Guntipally).

4. Defense Counsel's willingness to accept the Government's version of facts, failure to file any Motions, or obtain an expert witness to refute the charges against Mr. Guntipally, constitutes ineffective assistance of counsel. See, Exhibit 1, at ¶¶ 5 - 7. (Sworn Declaration of Venkat Guntipally).

5. Defense Counsel's failure to understand Mr. Guntipally's factual or legal claims fails to provide performance within the competency expected from criminal defense counsel.

6. Defense Counsel rushed and coerced Mr. Guntipally's guilty plea in order to conceal his unpreparedness for trial, and thus constitutes ineffective assistance of counsel.

7. Defense Counsel's misrepresentation of material facts, withholding facts, and exerted pressure on Mr. Guntipally to induce guilty plea constitutes ineffective assistance of counsel.

8. As demonstrated below, defense counsel – without Mr. Guntipally's written consent – personally stipulated to Mr. Guntipally's waivers to a jury trial.

9. The "cumulative" effect of defense counsel's representation nullifies Mr. Guntipally's guilty plea and indictment – with prejudice.

In sum, Mr. Guntipally's guilty plea does not foreclose review of his issue involving the speedy trial violations because defense counsel's plea advice constitutes ineffective assistance of counsel.

To make out a claim of ineffective assistance of counsel, petitioner must show that his counsel's actions were deficient, and resulted in subsequent prejudice. *Hendricks v. Vasquez*, 974 F.2d 1099, 1109 (9th Cir. 1992). Hence, the Supreme Court employs a "highly deferential" standard for assessing ineffective assistance of counsel claims, which requires the claimant to prove that (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687. These prongs of the *Strickland* test are known as the "performance prong" and the "prejudice prong," respectively. See, *Hensley v. Crist*, 67 F.3d 181, 184-85 (9th Cir. 1995) (citations omitted).

In his 2255 Motion, Petitioner argued, among other things, that his guilty plea was induced via of counsel Leeming's misrepresentation of material facts, exerting pressure and inappropriate use of fear tactics. Conversations between petitioner and his counsel regarding these claims, and counsel's explanation of counsel's strategy, may be probative of whether standards of professional competence have been met. Accordingly, by claiming ineffective assistance of counsel, defendant has waived the attorney-client privilege. See *Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003) ("It has long been the rule in the federal courts that,

6

where a habeas petition raises a claim of ineffective assistance of counsel, she waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer."); see also *Wharton v. Calderon*, 127 F.3d 1201, 1203 (9th Cir. 1997) (defendant waived attorney-client privilege by raising ineffective assistance of counsel claim in a habeas proceeding); *Tasby v. United States*, 504 F.2d 332, 336 (8th Cir. 1974) (attorney-client privilege waived when defendant, in § 2255 proceeding, T'S attacked his attorney's competence1 in giving legal advice, and ascribed course of action to his attorney that raised specter of incompetence). The rationale for the rule is explained in Tasby:

> A client has a privilege to keep his conversations with his attorney confidential, but that privilege is waived when a client attacks his attorney's competence in giving legal advice, puts in issue that advice and ascribes a course of action to his attorney that raises the specter of ineffectiveness or incompetence. Surely a client is not free to make various allegations of misconduct and incompetence while the attorney' slips are sealed by invocation of the attorney-client privilege. Such an incongruous result would be inconsistent with the object and purpose of the attorney-client privilege and a patent perversion of the rule. When a client calls into public question the competence of his attorney, the privilege is waived.

Tasby, 504 F.2d at 336.

As the Ninth Circuit explained in Bittaker v. Woodford, 331 F.3d 715, 716 (9th Cir. 2003), the waiver of the attorney-client privilege created by a defendant's claim of ineffective assistance of counsel is not unlimited. Instead, the courts must impose a waiver that is "no broader than needed to ensure the fairness of the proceedings before it."331 F.3d at 720. In addition, the defendant must have an opportunity to abandon the claim as an alternative to waiver.Id. at 721.Finally, the court imposing the waiver must be able to bind the party receiving the privileged material to the court's limitations and conditions. Id. The government's proposed order, filed concurrently, satisfies all three of these objectives.

7

Specifically, ... the petitioner proposes the following procedures for obtaining information regarding attorney-client communications subject to the waiver resulting from petitioner's ineffective assistance of counsel claims:

(1) The Petitioner will propound interrogatories to his previous counsel, Peter Leeming ("defense counsel");

(2) Defense counsel will prepare written answers to the interrogatories, or note objections to particular interrogatories as beyond the scope of the appropriate waiver, providing reasons for any such objections;

(3) Defense counsel will provide the interrogatories and his proposed answers to petitioner for petitioner's review;

(4) The parties will determine whether to litigate any objections to the interrogatories;

(5) The answers to the interrogatories deemed to be within the scope of the waiver will be provided to the USAO with a certification that the answers are provided by counsel under penalty of perjury;

(6) The disclosure to the USAO of defense counsel's answers to the interrogatories will be subject to a protective order limiting use of the answers to litigation of defendant's ineffective assistance of counsel claim; and

(7) The same procedures will be followed, under a truncated time frame, for follow-up questions.

The petitioner's proposed order also includes protective provisions specifying that:

The government's proposed order also includes protective provisions specifying that: (a) the information disclosed in response to the USAO's interrogatories will be considered confidential information and, absent further Court order, will not be disclosed by the USAO to any other law enforcement or prosecuting agency except as necessary to assist in the USAO's litigation of the ineffective assistance of counsel claim presented in the motion; (b) any pleadings referencing the information disclosed in response to the USAO's interrogatories will be filed under seal; (c) the information disclosed in response to the USAO's interrogatories will be used by the USAO only for the purpose of litigating the claims presented in the motion; (d) the USAO will provide a copy of the Court's order to any individual who is provided access to the information disclosed in response to the USAO's interrogatories; and (e) the protections of the protective order shall remain in place even after petitioner's ineffective assistance of counsel claims completed.

These procedures strike an appropriate balance between the interest of the government, the court, and petitioner's interest in protecting his attorney-client relationship. Accordingly, the petitioner asks for this court to order the scheduling order for the purposes mentioned herein.

## CONCLUSION

Defendant waived the attorney-client privilege by raising claims of ineffective assistance of counsel, which put at issue the nature of his attorney's advice and the competency of the legal advice he received. The petitioner respectfully requests that the court order a partial waiver of the attorney-client privilege and compel disclosure by Peter Leeming of all communications with petitioner that relate to the ineffective assistance of counsel claims presented in petitioner's Section 2255 Motion, as well as any facts or events relating to those claims.

DATE: 4 / 1 /2019

Respectfully submitted,

_____
Venkat Guntipally, Movant
BOP Prison Reg. No. 20028-111
37817 Laurus Court
Fremont, CA 94536

## DECLARATION OF VENKAT GUNTIPALLY

I, Venkat Gutipally, declare as follows:

1. I am the petitioner in the matter of United States v. Venkat Guntipally Case No. 16-CR-189-LHK-2. I make this declaration in connection with my Ex Parte Application for Court Order Declaring Partial Waiver of Attorney-Client Privilege and Compelling Disclosure of Certain Attorney-Client Communications.

2. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and will testify to same in a court of law.

DATE: 4 / 1 /2019

Respectfully submitted,

_____
Venkat Guntipally, Movant
BOP Prison Reg. No. 20028-111
37817 Laurus Court
Fremont, CA 94536

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this date, 4 / 1 /2019, a true and correct copy of the foregoing was furnished by United States Mail to:

U.S. Attorney's Office
Heritage Bank Building
150 Almaden Blvd. Suite 900
San Jose, CA 95113

DATE: 4 / 1 /2019

Respectfully submitted,

_____
Venkat Guntipally, Movant
BOP Prison Reg. No. 20028-111
37817 Laurus Court
Fremont, CA 94536